UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DALE ALLEN,

      **Plaintiff,**

  v.                                                  **Civil Action 2:24-cv-315**
                                                       **Judge Sarah D. Morrison**
                                                       **Magistrate Judge Chelsey M. Vascura**

UNITED STATES OF AMERICA, *et al.*,

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, John Dale Allen, an Ohio resident proceeding without the assistance of counsel, brings this action against the United States of America, the Internal Revenue Service ("IRS"), and IRS officer Jonathan M. Morris, alleging that Defendants improperly assessed income taxes and civil penalties against him. (Compl., ECF No. 1-1.) Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims against the United States, the IRS,

and Mr. Morris in his official capacity for failure to assert a claim over which this Court has subject-matter jurisdiction, and the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's individual-capacity claim against Mr. Morris for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

## I. STANDARDS OF REVIEW

### A. Failure to State a Claim

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>     \* \* \*
>
> (B) the action or appeal—
>
>     (i) is frivolous or malicious; [or]
>
>     (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

B.  **Lack of Subject-Matter Jurisdiction**

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of the claims he advances against the United States and the IRS because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.  ANALYSIS

Plaintiff received a Notice of Federal Tax Lien and Notice of Levy in October 2023 and January 2024, respectively, stating that Plaintiff has an outstanding balance of $734,787.71 in past due income taxes and $158,376.25 in civil penalties. (Compl. ¶¶ 6–10, ECF No. 1-1.) Plaintiff, who is now 72 years of age, alleges that for "[a]ll his life, [Plaintiff] has received Federal Reserve Notes (FRNs) in exchange for his labor" and that FRNs, as obligations of the United States, are exempt from taxation under 18 U.S.C. § 8 and 31 U.S.C. § 3124. (*Id.* at ¶¶ 1–3.) Plaintiff alleges that, as a result, he "has never been liable for any income tax nor required to file any tax returns" and that therefore these Notices are "fraudulent." (*Id.* at ¶ 5, 9–10.) Nevertheless, Plaintiff's bank forwarded Plaintiff's allegedly tax-exempt FRNs to Defendants pursuant to the Notices. (*Id.* at ¶ 8.) Plaintiff seeks actual damages, punitive damages, and that

4

Defendant Morris be terminated from his employment and imprisoned for 20 years. (*Id.* at ¶¶ 16–18.)

Plaintiff's Complaint fails to state a claim upon which relief can be granted. First, as to the United States and the IRS, sovereign immunity bars his claims. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional in nature and deprives the district courts of subject-matter jurisdiction where applicable. *See*, *e.g.*, *id.*; *Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012). Although the Federal Tort Claims Act waives the United States' sovereign immunity for certain tort claims, an exception to that waiver exists for "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c). And although the United States has consented to be sued for the *recovery* of taxes under certain circumstances under 28 U.S.C. § 1346(a)(1), those circumstances are not present here. Before filing suit under § 1346(a)(1), "a taxpayer must (1) file a claim for a refund or credit with the IRS (26 U.S.C. § 7422(a)); (2) file suit within two years of the IRS's disallowance of the claim (26 U.S.C. § 6532(a)(1)); and (3) 'generally pay his . . . full tax liability before filing suit in federal court.'" *See Steele v. United States*, No. 1:19-CV-705, 2020 WL 1814135, at *5 (S.D. Ohio Apr. 9, 2020) (quoting *Flora v. United States*, 357 U.S. 63, 75–76 (1958)). Plaintiff's Complaint does not indicate that he has filed a claim for refund or credit with the IRS or paid his full tax liability; accordingly, he may not avail himself of the limited sovereign immunity waiver under § 1346(a)(1).

Further, although 26 U.S.C. §§ 7432 and 7433 permit suits by taxpayers to recover damages for improper disregard of the provisions of the Internal Revenue Code or its related regulations, or improper failure to release a lien, suits under either statute require the plaintiff to

exhaust administrative remedies with the IRS. *See* §§ 7432(d)(1), 7433(d)(1). Plaintiff has not alleged that he has initiated, let alone exhausted, his administrative remedies. Nor has he sufficiently alleged that any IRS officer or employee acted improperly. The statute on which Plaintiff relies for his tax exemption applies only to taxation "by a State or a political subdivision of a State." *See* 31 U.S.C. § 3124(a). Plaintiff has not identified any authorities that exempt Federal Reserve Notes from taxation by the United States. Thus, Plaintiff has not sufficiently alleged that any IRS officer or employee acted improperly in issuing the Notice of Federal Tax Lien or Notice of Levy.

Finally, Plaintiff does not specify whether he intends to sue Mr. Morris in his official or individual capacity. To the extent Plaintiff advances official-capacity claims against Mr. Morris, those, too, are barred by sovereign immunity. *See Lewis v. Clarke*, 581 U.S. 155, 162 (2017) ("[L]awsuits brought against employees in their official capacity represent only another way of pleading an action against an entity of which an officer is an agent, and they may also be barred by sovereign immunity.") (cleaned up). And to the extent Plaintiff advances individual-capacity claims against Mr. Morris, Plaintiff fails to state a claim on which relief can be granted because, as noted above, he has not identified any authorities that exempt Federal Reserve Notes from taxation by the United States. Plaintiff's allegations therefore do not raise a plausible inference that Mr. Morris has engaged in any misconduct.

Accordingly, the undersigned recommends the dismissal of Plaintiff's Complaint in its entirety.

### III.   DISPOSITION

Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. It is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against the United States, the IRS, and Mr. Morris in his official capacity for failure to assert a claim over which this Court has

subject-matter jurisdiction, and it is further **RECOMMENDED** that the Court **DISMISS** Plaintiff's individual-capacity claim against Mr. Morris for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE