UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN DALE ALLEN,**

        **Plaintiff,**    :

  v.                                 Case No. 2:24-cv-315
                                        Judge Sarah D. Morrison
                                        Magistrate Judge Chelsey M.
**UNITED STATES OF**                  Vascura
**AMERICA,** *et al.*,             :

        **Defendants.**

## ORDER

This matter is before the Court on the Order and Report and Recommendation issued by the Magistrate Judge on January 30, 2024. (R&R, ECF No. 3.) The Magistrate Judge granted Plaintiff John Dale Allen's request to proceed *in forma pauperis* (ECF No. 1), and, after performing an initial screen of the Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommended that the Court dismiss Mr. Allen's claims for failure to state a claim upon which relief may be granted and lack of subject-matter jurisdiction. (*Id.*) Mr. Allen timely filed Objections. (Objs., ECF No. 4.) For the reasons set forth below, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 3) and **DISMISSES** the Complaint (Compl., ECF No. 2).

I.    BACKGROUND

Mr. Allen is an Ohio resident proceeding without assistance of counsel. (ECF No. 1-2.) He commenced this action against the United States, the Internal Revenue Service ("IRS"), and IRS officer Jonathan M. Morris. (*Id.*) Mr. Allen alleges that

throughout his life he "has received Federal Reserve Notes (FRNs) in exchange for his labor." (Compl. ¶ 1.) According to Mr. Allen, these FRNs are "tax exempt," meaning he is not "liable for any income tax nor required to file any tax returns." (*Id.* ¶ 5.) Nevertheless, the IRS mailed Mr. Allen a "Notice of Federal Tax Lien" that lists an outstanding income tax balance of $734,787.71 and a "Notice of Levy" that details $158,376.25 in civil penalties. (*Id.* ¶¶ 6–7, 9–10; *id.*, Exs. A, B.) Mr. Allen argues that these notices are "fraudulent" and subject Defendants to culpability for mail fraud and other offenses because "Defendants have no authority whatsoever to 'lien' [Mr. Allen's] property or 'levy' [Mr. Allen's] bank account." (*Id.* ¶¶ 9–15.)  Mr. Allen seeks actual and punitive damages and demands that Defendant Morris be terminated from his employment and imprisoned for 20 years. (*Id.* ¶¶ 16–18.)

The Magistrate Judge issued an Order and Report and Recommendation recommending that this Court dismiss Mr. Allen's claims. (R&R, PAGEID # 20–21.) Mr. Allen objects. (Objs., PAGEID # 22.)

## II.   STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

2

## III. ANALYSIS

The Magistrate Judge performed an initial screen of Mr. Allen's Complaint pursuant to 28 U.S.C. § 1915(e)(2). (R&R, PAGEID # 16.) Upon review, the Magistrate Judge recommended that Mr. Allen's claims against the United States, the IRS, and Defendant Morris (to the extent Mr. Allen's claims against him are in his official capacity) be dismissed for failure to state a claim. (*Id.*, PAGEID # 19.) The Magistrate Judge reasoned that sovereign immunity bars Mr. Allen's claims and that he failed to identify any authorities that exempt FRNs from taxation or that indicate that the notices were issued improperly. (*Id.*, PAGEID # 19–20.) The Magistrate Judge further explained that the latter reason also justifies dismissal of any individual-capacity claims against Defendant Morris. (*Id.*, PAGEID # 20.)

Mr. Allen objects to the Magistrate Judge's Report and Recommendation, arguing that the Magistrate Judge "act[ed] as an advocate for Defendants" and that sovereign immunity is not warranted because "[a] creation can never rise to a level equal to or greater than its creator … In this case, the Defendants (creations) cannot claim immunity from their creators (the people)." (Objs., PAGEID # 22–23.)

The Court finds no error in the Magistrate Judge's conclusions or reasoning. Mr. Allen neglected to offer any on-point authority in his Complaint or his Objections to support his claims that FRNs are exempt from taxation and that Defendants acted unlawfully. As to Mr. Allen's objections, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). No waiver or other exceptions are present here. Additionally, by conducting an initial screen of Mr. Allen's Complaint

and determining it did not state a claim, the Magistrate Judge was acting pursuant to statutory requirements, not "pleading defenses" "as an advocate for Defendants." (R&R, PAGEID # 15 (citing 28 U.S.C. § 1915(e)(2)); Objs., PAGEID # 22–23.)

## IV. CONCLUSION

Mr. Allen's Objections (ECF No. 4) are **OVERRULED**. The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 3). Mr. Allen's Complaint is **DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

4